IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>Vs.<br><br>PEDRO RAMOS-RAMIREZ [1]<br>*Defendants* | CRIMINAL NO. 2022-CR-015 (RAM) |

**SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE MALLOY
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF THE U.S. VIRGIN ISLANDS:

    **COMES NOW,** the appearing Defendant, **Pedro Ramos-Ramirez**, by and through the undersigned counsel, and respectfully states and prays as follows:

    Mr. Pedro Ramos-Ramirez is scheduled to be sentenced on February 8th, 2024 at 9:00AM, before this Honorable Court. The purpose of this filing is to address the pertinent factors under 18 U.S.C. Section 3553(a), so that the court may be in a better position to impose a sentence which is sufficient, but not greater than necessary to comply with the purposes set forth in this statute. Consistent with the purposes of sentencing --outlined below in the statute and discussed herein—the courts should impose the lowest possible sentence to effectuate those goals.

### I.     Facts and Plea Agreement Terms and Conditions

1. On January 7th, 2022, Mr. Ramos was released on bail conditions. (ECF No.17)
2. On September 28th, 2002, a *Motion to Modify Bail Conditions* was filed. (ECF No.88)
3. On October 5th, 2022, the aforementioned motion was granted and the Home Detention condition was modified to curfew. (ECF No.89)
4. On October 30th, 2023, Pedro Ramos-Ramirez plead guilty to Count One of the instant case, pursuant to the Plea Agreement ("plea") and plead guilty to a violation of Title 46 USC 70503(a).

5. Notwithstanding, on November 16th, 2023, the US Government file a *Motion to Dismiss, In Part, Pursuant to Fed. R. Crim. P.48(a);* requesting the relief to dismiss, without prejudice, the greater offenses charged in Count One of the Indictment under 46 U.S.C. § 70506(a), **leaving intact the lesser-included offenses** that are subject to 46 U.S.C. § 70506(a). (ECF No.167)
6. On December 13th, 2023, the Pre-Sentence Investigation Report (PSR) was made available to undersigned counsel. (ECF No.)
7. On January 3rd, 2023, undersigned counsel filed a Notice of Pre Sentence Investigation Report (PSR) Waiver Form, indicating an objection/amendment to the PSR Plea Agreement section terms and conditions. This amendment request was rooted on two things: (1) US Government's ECF No.167 Motion and (2) Adjustment/Departures section of the plea agreement terms. After defendant plead guilty, the parties agreed that on a two (2) point reduction based on defendant's minor role in the conspiracy.
8. Based on the aforementioned plea agreement terms and conditions, the parties shall be requesting a sentence of 70 months of imprisonment for defendant Ramos- Ramirez.
9. Furthermore, discussed below are the 18 U.S.C. Section 3553(a), in support of the parties request for a sentence of 70 months to be imposed. A sentence of 70 months is sufficient, but not greater than necessary to comply with the sentencing factors.
10. A sentence of 70 months of imprisonment considers the nature of the offense, sends a message of deterrence to others in the community and is sufficient but not greater than necessary to comply with the sentencing factors. Most importantly, it will allow defendant to continue his rehabilitation journey and acquire necessary tools to reintegrate into society.

**I. Who is Pedro Ramos- Ramirez and why a recommendation for a sentence of 70 months-**

Pedro Ramos or "barber" as his friends call him, is a 28 year -old, hardworking young man, talented barber, dedicated father and loving son. He is a lifelong resident of Puerto Rico and his life up until the instant case had been that of a law abiding family. The instant case is Pedro's first incident with the law, prior to this situation he had never experienced a legal situation of any nature. Pedro is a first-time offender.

Prior to being arrested, Pedro's life revolved around his five (5) year-old daughter and her scholar and extracurricular activities, working long hours at the barbershop and spending free time with his daughter and his girlfriend. Needless to say, that the current situation with the law took his entire family nucleus, friends and loved ones by surprise.

Unfortunately, the stress of the COVID-19 pandemic, decrease in work flow and the responsibility of being the sole financial provider for his daughter's needs lead him to make the worst decision of his life. Since the day of the arrest and during the time he has been on bail conditions, he has been experiencing the harsh reality of having to face his daughter when the time comes for him to commence his prison sentence. This is a reality he has been dreading and one that has caused him sleepless nights, tears, stress and anxiety. Being a law abiding citizen and a man that has never had a stint with the law, this entire criminal procedure has served him as an eye-opener and as a reality check that no matter what situation he is in, delinquency is never an option.

In spite of the current situation that he has been living with for the past years, he has come to terms with his reality and has remained positive and focused on his future once upon release and reintegration into society. He has focused on working harder and being the best father for his daughter, in order to prepare her for the years without being physically present. Thanks to his outstanding behavior and ongoing communication with his United States Probation Officer, the Honorable Court granted his request for a modification of bail conditions from home detention to curfew. This modification has allowed him to continue his regular routine with his daughter; such as taking her to school and picking her up, plus working the long hours he is used to working.

Pedro is a man with an incredible **rehabilitation** potential and most importantly a man with **little to none recidivism risk**. He is a respected member of his community, where those that know him speak highly of the person he is and of his family. He also well-spoken, educated and very well mannered. It is not common to have a man with Pedro's qualities involved in a situation of this nature. It is very unfortunate to see that a man with his solid family background, **steady employment record, education** and **work ethics** got involved in activity that will put him behind bars for years.

However, this nightmare that Pedro is living has made him gain **mindfulness** and realize that life has given him a **second chance** and an **opportunity** to amend his past mistakes. This

situation has saved him from future situations that could have put him in more complex situation than the one he is facing.

In addition, Pedro and his family are people of **faith** and this has been key during the entire criminal process. As can be expected, Pedro has faced days were he does not feel well, well he feels ashamed for letting his family down and having to put them through this ordeal. But thanks to his **Christian values**, the **faith in God** instilled since a very young, his **supportive family unit** and his daughter he continues working on himself on a day to day basis to become a better man and a role model for his daughter, who needs him most.

During these past years on bail, Pedro has taken advantage of such and has expanded his education as a barber and hair stylist. He has attended seminars, online courses and continued education for his license. Furthermore, he has participated at beauty shows in the island as a master barber and has been able to perform on stage for others to see. Pedro is a highly motivated individual that enjoys his career as a professional barber and looks forward to continue expanding his knowledge and perfecting his already innate talent.

In spite of the time that he will be in prison, Pedro is a man that will continue abiding with rules and conduct once in custody, that will participate from workshops and available job opportunities provided in the institution. This shall allow him to keep his mind busy and aid him during the process.

On multiple occasions, Pedro has that his main concern is also his main motivation; his daughter, sine he is a single dad and although his daughter's mother is present, she has given full custody to Pedro. In preparation of the sentencing hearing, Pedro has made the arrangements with his mother; the grandmother, to take cate of his daughter and take her to social visits.

As aforementioned, it is unfortunate to see a man like Pedro and with his qualities end up in with a situation of this nature. It is lamentable to see how one wrongful decision can drastically spiral out of control your life plans; how one mistake can take away so much from a person's life. Pedro has had a few years to ponder about this, and has expressed his regrets and repentance. Upon release Pedro shall leave this dark chapter of his life behind and make up for the time lost with his daughter, return back to work as a barber and continue living his life as a law abiding citizen. Thankfully, he has the aid and support of his girlfriend, sister, parents and family unit that will all serve as a helping hand during his reintegration into society.

It is based on the above facts and taking into accounts the relevant factor enumerated in 18 U.S.C. Section 3553(a), that both parties are jointly requesting a sentence of **70 months of imprisonment**.

A sentence of 70 months of imprisonment considers the nature of the offense, sends a message of deterrence to others in the community and is sufficient but not greater than necessary to comply with the sentencing factors. Most importantly, it will allow Pedro to complete his rehabilitation journey and acquire necessary tools to reintegrate into society.

### III. Section 18 U.S.C. Section 3553(a)

Based on the relevant factors enumerated in 18 U.S.C. Section 3553(a), the need for the **sentence to be imposed is to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense.** As part of its obligations this Honorable Court must consider the need for the sentence imposed to provide a **"just punishment for the offense",** that sends a message to the community and **deters others**, but most importantly a sentence that provides **rehabilitation** for defendant and prepares him for his **reintegration** into society.

### IV. Applicable Law

Post- *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory, not mandatory, but still the courts are required to consider them together with the factors outlined in Title 18 U.S.C. Section 3553 (a)(4)(A). Consequently, if there were to exist factors properly presented before the sentencing judge that would warrant a sentence outside the guidelines, the court may so determine, however, within the parameters of the mandatory minimum and maximum of the statute. Circuit courts must review sentences imposed under an advisory guidelines regime for reasonableness, regardless of whether they fall within or outside the applicable guideline sentencing range. *United States v. Jimenez Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

After *Booker* only statutory provisions limit what kinds of sentences may be imposed. In the present case, the conduct to which the defendant has pled guilty has a statutory minimum term of imprisonment of ten years. More recently, in *Gall v. United States*, 128 S. Ct. 586 (2007), district courts were afforded greater latitude in imposing upon a criminal defendant the

kinds of sentences that each particular case presents. In *Gall*, the United States Supreme Court overruled the decision of the Eight Circuit, which had incorrectly relied upon its earlier opinion in *United States v. Clairborne*, 439 F.3d 479 (8th Cir. 2006).

In *Clairborne*, the Eight Circuit held that "a sentence outside of the Guidelines range must be supported by a justification that "is proportional to the extent of the difference between the advisory range and the sentence imposed." *United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006) (quoting *United States v. Clairborne*, *supra*, 439 F.3d at 481 (in turn quoting *United States v. Johnson*, 427 F.3d, 426- 427 (7th Cir. 2005)). *Gall v. U.S.*, *supra,* 128 S. Ct., at 594.

In *Gall*, the Supreme Court rejected those sentences that created or came close to creating an impermissible presumption of unreasonableness for sentences outside the guidelines range. The *Gall* court held, inter alias that:

"Regardless of whether a sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse of discretion standard. It must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the (section) 3552 (a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain Guidelines range. ... When conducting this review, the court will, of course, consider the totality of the circumstances, including the extent of any variance from the Guidelines range.

> *If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. Id., at-, 127 S.Ct. 2456. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation but must give due deference to the district court's decision that the (section) 3553 (a) factors on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, supra, 128 S.Ct. at 598. (Emphasis added.)*

After *Gall*, significant leeway has been accorded to district court judges who are now free to impose a sentence determined by them to be fair and reasonable after due consideration to all

the Section 3553 (a) factors. In the exercise of its discretion, and in applying the factors set forth in Section 3553 (a), we respectfully request that this Honorable Court sentence the defendant to a term of imprisonment which would be "sufficient, but not greater than necessary" to effectuate the ends of justice. Consistent with all the purposes of sentencing, courts should impose the lowest possible sentence to effectuate these goals. While we must agree that a sentence of incarceration is warranted, an excessive term of imprisonment is not only discouraged by the framers of the sentencing statute, but also prohibited. Ultimately, the sentencing court should comply with the statutory directive that sentences should be no higher than necessary to achieve the statutory goals of sentencing. *See* 18 U.S.C. Section 3553(a): *United States v. Scherrer*, 444 F.3d 91, 95 (1st Cir. 2006) (en banc).

The Guidelines are now merely one of the factors that the Court must consider in sentencing:

Now when a district court imposes, and we review a sentence for reasonableness, the focal point is on 18 U.S.C. Section 3553 (a) (footnote omitted). In *Booker's* remedial holding, the sentencing guideline range is one of those factors. That is, while the guidelines remain important, they are now just one of the numerous factors that a district court must consider, when sentencing a defendant. See e.g., *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005) ("while a district court must still give some consideration to the appropriate guideline range when making a sentencing determination, a court is no longer bound by the applicable guidelines.) Once the appropriate advisory guideline range is calculated, the district court throws this ingredient into the Section 3553(a) mix. Considering, as *Booker* requires, all of the relevant Section 3553 (a) factors, including the guideline range, the district court then imposes a sentence. *United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006).

## V. The application of section 3553(a)

District courts have discretion in determining sentences according to the provisions of 18 U.S.C. §3553(a). *United States v. Booker*, 543 U.S. 220, at 259-60(2005). Section 3553(a) (2) states that a district court should impose a sentence sufficient, but not greater than necessary... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment.

Section 3553(a) further provides that the district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the [applicable] sentencing range [;]" the articulated policy goals of the guidelines; "the need to avoid unwarranted sentence disparities" among similar defendants; and "the need to provide restitution to any victims of the offense." §3553(a) (1), (3)-(7).

There are no limitations on the information the Court may consider at sentencing "concerning the background, character, and conduct of a person convicted of an offense." 18 U.S.C. §3661. Pursuant to 18 U.S.C. §3553(a) the following factors should be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing defendant Wesley Albert-Amaro.

***Title 18 U.S.C. § 3553(a)(2)(A)- 70 Months sentence will provide a just punishment because it satisfies the Statutory Sentencing Factors and provides for the Defendant's rehabilitation.***

The recommended sentence represents an adequate penalty that reflects the seriousness of the offenses of conviction, will promote respect for the law and provide just punishment as required by section 18 U.S.C. 3553(a)(2)(A).

<u>There is no data that suggest that a longer sentence would have any marginally greater deterrent effect</u>. Indeed, research consistently has shown that increases in the severity of the punishments do not yield significant (if any) marginal deterrent effects. Michael Tonry, Purposes and Functions of Sentencing, 34 CRIME & JUST. 1, 28 (2006). Three different panels of the National Academy of Science have reached that conclusion, as has every major survey of the evidence.

Furthermore, there is a direct correlation that as convicts age, their risk of recidivism lowers. As a matter of public knowledge, even the Bureau of Prisons implemented a recidivism pattern risk classification tool with increased number of points assigned to age as a predictor of future misconduct.

As stated above, Pedro is a man that has a solid employment history that also has skills as a barber and such will allow him to have work immediately upon release, regardless of his

criminal history. Moreover, Pedro has a solid family unit that will be around to help him during his reintegration and provided the necessary support and aid needed for him to continue with his rehabilitation.

***Title 18 U.S.C. § 3553(a)(2)(D)- Defendant with needed educational and vocational training.***

One of the fundamental purposes of sentencing is rehabilitation.[1] In spite of rehabilitation being limited in the BOP, Pedro has plans of participating from programs that shall provide him with skills that he can use upon release. He has expressed having an interest in expanding his knowledge of the English language.

***18 U.S.C. § 3553(a)(2)- The need to protect the public from further crimes of the defendant. There is a Low Risk of Recidivism.***

Another important fact regarding Wesley is that there is a low risk of recidivism and a correspondingly lesser need of extended incarceration time to protect the public. 18 U.S.C. §3553(a)(2).

Certainly, the likelihood of Wesley engaging in criminal conduct in the future is very small. As mentioned earlier, the defendant that your Honor will have in front for sentencing is a very different person from the one that was indicted almost two (2) years ago. He desires to live the rest of his life in a wholly law-abiding manner, since as he has expressed, he has realized that this wrongful decision has caused him and his family pain and sorrow plus and will require that he be physically apart from his community at a prison in the Continental United States.

As any person that shows repentance and expresses regret for his actions, he deserves a second chance and an opportunity to live the life that he has been preparing and will continue to prepare for. Therefore, it is submitted that a sentence of **70 months of imprisonment** will protect the public from further crimes, since there is a low risk of recidivism and a correspondingly lesser need of incarceration to protect the public. 18 U.S.C. §3553(a)(2).

Based on the Title 18 U.S.C. §3553(a) factors, it is submitted that the likelihood of this Defendant engaging in criminal conduct in the future is low, due to his maturity, age and his

---
[1] Title 18 U.S.C. § 3553(a)(2)(D).

adjustment while on bail. In-part, this is so as a result of his sincere realization of the very negative impact such conduct has upon himself, his future, and his family.

VI. **Circumstances of the Offense**

Section 3553 (a) (1) of the Sentencing Reform Act requires this Court to consider the nature and surrounding circumstances of the offense in imposing an appropriate sentence. Such a sentence should consider Pedro's history of a no-criminal history, solid employment record, work ethics, education, family unit and established facts regarding his involvement in the instant case when sentencing Pedro.

Defendant acknowledges that his decision was wrong and there is no justification for such actions, he acted out of ignorance, thus making the wrongful decision of participating in the activities that led him to the instant case. On behalf of Pedro, we hope that Your Honor would think of him as the whole person and not allow the worst aspect of his life, the worst conduct of his life, to be the defining conduct. Defendant is a man that with therapy and rehabilitation has much more to offer than wrongful conduct, such as his future life plans and goals, which shall help him succeed in life once released.

**Conclusion**

We humbly implore this Court based on all the aforementioned reasons, to impose the joint recommended sentence of **70 months of imprisonment**. Such sentence is sufficient but not greater than necessary to comply with the goals of sentencing: reflect the seriousness of the offense, promote respect for the law, deter future crime and provide a just punishment for the offense.

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice of the information provided within this Sentencing Memorandum and consider it with regard to the sentencing of Defendant Pedro Ramos-Ramirez.

**RESPECTFULLY SUBMITTTED,** in San Juan, Puerto Rico, this 9th day of January 2024.

**CERTIFICATION:** I hereby certify having filed this motion through the court's CM/ECF filing system that all parties and counsel of recording in this case shall be duly notified of this filing.

| | |
|---|---|
| PEDRO RAMOS-RAMIREZ | /s/Kehylis Y. Vazquez-Torres |
| Defendant | Kehylis Vazquez<br>USDC No. 303107<br>80 Kingscourt St.<br>Apt. 104<br>San Juan PR, 00911<br>Tel. 787-240-8196<br>kvazquezlaw@gmail.com |

**Certificate of Service**

I HEREBY CERTIFY that on this same date and by electronic CM/ECF filing system, copy of this Motion has been sent to the U.S. Attorney's Office and all others registered to receive notification by electronic mail.

| | |
|---|---|
| **Gretchen C.F. Shappert**<br>U.S. Attorney<br>Federal Building & U.S. Courthouse<br>5500 Veterans Drive Suite 260<br>St. Thomas, VI 00802<br>340-774-5757<br>Email: gretchen.shappert@usdoj.gov<br><br>**Anita Hill**<br>Law Offices of Anita Hill<br>P.O. Box 16224<br>San Juan, PR, 00908<br>(787)531-8888<br>Email: anitahill88@outlook.com<br><br>**Jason Gonzalez**<br>P.O.Box 191365<br>San Juan, PR, 00919<br>(787)536-5306<br>Email:jasonfed@gmail.com | **Everard Potter**<br>US Attorney's Office<br>5500 Veterans Dr. Ste 216<br>St. Thomas, VI 00802<br>340-715-9435<br>Email: Everard.potter@usdoj.gov<br><br>**David J. Cattie**<br>The Cattie Law Firm, P.C.<br>1710 Kongens Gade<br>St. Thomas, VI 00802-4701<br>340-775-1200<br>Email: david.cattie@cattie-law.com |

In San Juan, Puerto Rico this 9th day of January 2024.

*/s/ Kehylis Y. Vazquez-Torres*
**Kehylis Vazquez Y. Vazquez- Torres, ESQ**
USDC No. 303107
80 Kingscourt St.
Apt. 104
San Juan PR, 00911

Tel. 787-240-8196  
kvazquezlaw@gmail.com