IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*Plaintiff*<br><br>v.<br><br>**[3] GERALD ALBERT CRUZ**<br>*Defendant* | **CRIMINAL NO. 22-015 (RAM)** |

# SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

  **COMES NOW** defendant **GERALD ALBERT CRUZ**, through the undersigned attorney, and very respectfully STATES, ALLEGES, and PRAYS:

## I. INTRODUCTION

  1. Mr. Cruz is awaiting sentencing after entering into a Plea Agreement[1] ("Plea") with the government, in which he plead guilty to Count 1 of the Indictment.

  2. After reviewing the Indictment, the discovery, the Presentence Investigation Report[2] ("PSR"), the U.S. Sentencing Guidelines ("Guidelines"), and other documents, **we are respectfully requesting that Gerald Albert Cruz be sentenced according to the Plea's recommendations to a total term of 70 months of imprisonment**.

## II. SENTENCE REQUEST

### *A. Guidelines Calculations*

  3. Gerald Albert Cruz has plead guilty to Count 1 of the Indictment, which constitutes a violation of 46 U.S.C. §70503(a). The sentencing guideline applicable to such

---

[1] *See* Docket Entry No. 161
[2] Docket Entry No. 168

a violation is USSG §2D1.1 and, with a stipulated amount of more than 50 Kg but less than 150 Kg of cocaine, this constitutes a Base Offense Level ("BOL") of 34. Both parties agreed in the Plea to recommend a 3-level reduction due to the defendant's timely acceptance of responsibility and a further 2-level reduction due to Mr. Cruz's minimal participation in the instant offense. This results in an Adjusted Offense Level of 29.

4. The Government agreed in the plea to move to strike the mandatory minimum sentence of 120 months[3]. They were also mindful of the pending sentencing guidelines amendment, which has since come into effect, and therefore recommended a sentence of 70 months of imprisonment. This is representative of the low range for a Total Offense Level ("TOL") of 27.

5. It should be noted that the defendant does indeed meet with the criteria set forth in the new § 4C1.1 guideline, which provides for a 2-level reduction as the defendant is a Zero-Point Offender. While there was no stipulation of Mr. Cruz's Criminal History Category ("CHC") in the Plea, the PSR determined that the defendant had a criminal history score of zero, establishing a CHC of I[4]. Consequently, the PSR applied the Chapter Four Enhancement of the Guidelines in its Offense Level Calculation[5].

6. Importantly, it must be further noted that the Guidelines calculations stipulated in the Plea reached a TOL that exceeds by 3-levels the calculations contained in the PSR. The Plea stipulated a TOL of 29, anticipating a reduction to 27 because of the recent amendment, while the PSR calculated a TOL of 24[6]. Notably, under the PSR's Guidelines calculations, the applicable imprisonment range would be 51 to 63 months. Thus, the Plea

---

[3] Plea: page 7 (¶ III(a))
[4] PSR: page 9 (¶ 42)
[5] PSR: page 8 (¶ 34)
[6] PSR: page 8 (¶ 37)

recommends a term of imprisonment which surpasses the recommended term under the PSR. We believe that this fact is an important consideration for sentencing.

7. Therefore, we respectfully request that Mr. Cruz be sentenced according to the Plea's recommendation to 70 months of imprisonment. We believe that the sentence recommendation as stated in the Plea adequately reflects the purposes of sentencing set forth in 18 U.S.C. § 3553; it is a sentence that is sufficient but not greater than necessary, serves as an adequate deterrent, and promotes respect for the law.

## II. SENTENCING FACTORS

8. Gerald Albert Cruz was born in 1996 in Culebra, Puerto Rico. He maintains a good relationship with his mother and was extremely close to his father until his untimely death in 2018. He also declares having a close relationship with his brother who, unfortunately, is also incarcerated at this time.

9. While Mr. Cruz admits that all his basic needs were provided to him as he was growing up, he also recognizes that there was a prevalent ambiance of drugs, violence and gangs around his home in Culebra. As a result, he began experimenting with marijuana at the early age of 16, purely out of curiosity. It would prove to become a habit that continued until, and beyond, the day of his arrest in 2021. He has freely admitted to his supervising officer that he has continued to struggle with addiction.

10. At the age of 19, Mr. Cruz began to take Percocet. He confesses that, when it became impossible to acquire Percocet, he turned to cocaine. His addiction to cocaine has endured even after his arrest. He attempted to refrain from his negative and self-destructive habits during his term of pre-trial supervision yet was unable to; he acknowledges that he has relapsed.

11. Mr. Albert-Cruz has a son who is 6 years old and with whom he has a great

relationship. He was coparenting with his son's mother, and they communicate regularly. His son is suffering from the lack of companionship of his father and Mr. Albert-Cruz intends to be as present as he can from jail. Once he is released from prison, he intends to live near his son and to be as present as he is allowed in his life. He has stated that he does not want his son to have the bad experiences he had growing up on the small island of Culebra and wants him to have a different environment in which he can grow as a human being.

12. In June 2023, Mr. Cruz filed a motion to have his bail revoked and be taken into custody. His actions were purposeful: he desired to become detained in order to begin serving out his anticipated sentence, in a controlled environment, with access to substance abuse treatment. Once the motion was granted, Mr. Cruz voluntarily surrendered himself to the authorities at MDC Guaynabo, relinquishing his freedom.

13. Mr. Cruz has demonstrated an inordinate amount of contrition by voluntarily surrendering himself. He has accepted responsibility for his actions and understands that he must face the pertinent and just consequences for said actions before this Court. He acknowledges that his conduct was wrong and has vowed to never again engage in criminal behavior. He sincerely regrets that he allowed the negative relationships in his life to influence his behavior, culminating in the actions implicated in the instant offense.

14. Mr. Cruz wishes to beat his addiction problems and become a respected and productive member of society. He has battled with drug abuse for many years, has sought treatment, and has subsequently relapsed. Addiction is an illness, and should therefore be considered as a matter for healthcare and treatment. "Addiction is distinguished by a person's inability to control the behaviour, difficulty going without it, intense cravings for it and continued action despite negative consequences. Addiction is often isolating. For

some, it can be a self-medicated solution to underlying problems or trauma"[7]. Addiction, in all its forms, is a treatable condition; it should be considered for sentencing purposes as a mitigating factor, rather than be a reason for harsher punishment.

15. Relapsing does not necessarily mean that a person will be an addict forever; relapse is a normal part of recovery[8]. Mr. Cruz has expressed his desire to fully recover. As such, he has requested to receive substance abuse counseling and mental health treatment while serving his sentence under the custody of the BOP. We understand that Mr. Cruz's desire to recover and once again become healthy demonstrates that he is already embarking on his path towards rehabilitation. His dedicated efforts towards self-improvement should certainly be considered during sentencing.

16. This is Mr. Cruz's first conviction, and the PSR concluded that he has zero criminal history points[9]. This is an important consideration for sentencing, as studies have found that defendants with zero criminal history points have lower chances of recidivating than defendants with higher criminal history points[10].

17. Mr. Cruz possesses a high school diploma and has been gainfully employed in the past. He admits to being an average student, yet has demonstrated skills in construction, demolition, drywall installation and, surprisingly, the culinary arts. He has worked as a construction worker in Puerto Rico and Florida, and as a cook. Having aspirations and goals upon release can be an indicator of reduced recidivism, achievable

---

[7] Mayo Clinic; *Do you have addictive personality traits?*; https://www.mayoclinichealthsystem.org/hometown-health/speaking-of-health/do-you-have-addictive-personality-traits.
[8] National Institute on Drug Abuse; *Drugs, Brains, and Behavior: The Science of Addiction.* (2020). https://nida.nih.gov/publications/drugs-brains-behavior-science-addiction/treatment-recovery.
[9] PSR: page 9 (¶ 41)
[10] T. Kyckelhahn, et al.; *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders*; U.S. Sentencing Commission (2017).

through education[11].

18. Mr. Cruz relies on a healthy relationship with his mother. She has actively maintained contact with her son and his representing counsel, expressing that she will continue to be devoted to her son during his imprisonment and eventual release. We are confident that a familial support system is a crucial factor to consider at sentencing, as this network contributes to a defendant's chances of rehabilitating.

19. Today, the Government filed a Sentencing Memorandum at docket 184 (at page 4), where, after having explained the reasons for their sentencing recommendation, in their conclusion, they request that the Court sentences Mr. Albert-Cruz to a term of imprisonment of 70 months.

## IV. CONCLUSION

20. For the reasons stated above, considering the sentencing factors in 18 U.S.C. § 3553(a), applicable case law, and the U.S. Sentencing Guidelines, **we respectfully request that this Honorable Court adopts the sentence recommendation made jointly by the parties in the Plea Agreement, and sentences Mr. Cruz to 70 months of imprisonment.**

21. Furthermore, we humbly request that Mr. Cruz be allowed to receive therapy for his substance abuse problems and to enroll in the vocational and educational studies of his interest while serving his sentence.

**WHEREFORE**, it is respectfully requested that this Honorable Court considers the arguments in the present memorandum and **sentences GERALD ALBERT CRUZ,**

---

[11] L. Sherman, et al*.; Preventing Crime: What Works, What Doesn't, What's Promising*; National Institute of Justice (1998).

**according to the Plea Agreement's joint recommendation, to a total term of 70 months of imprisonment**.

**I HEREBY CERTIFY** that on this day, this document was filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on February 1, 2024.

S/ *Jason González Delgado*
**JASON GONZÁLEZ-DELGADO**
USDC-PR NO. 217814
P.O. Box 191365
San Juan, PR 00919-1365
787-536-5306
jasonfed@gmail.com